UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLIE L. CARLISLE, III,<br>Plaintiff, | Case No. 1:16-cv-259 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WILLIAM BAUER, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. (*See* Doc. 3). On January 28, 2016, the undersigned granted plaintiff's application for leave to proceed *in forma pauperis*. (*See* Doc. 2). The undersigned also issued a separate Order allowing plaintiff to proceed with his complaint against five named and two unnamed SOCF staff members. (Doc. 4). In addition, because plaintiff had not provided service copies of his complaint or completed summons and United States Marshal forms, plaintiff was ordered to "submit a copy of his complaint and completed summons and United States Marshal forms **for each of the seven defendants** within **fifteen (15) days**." (*Id.*, at PAGEID#: 44) (emphasis in original).

It appears from this Court's docket records that on February 10, 2016, the Clerk of Court received from plaintiff the copies of the complaint, summons and United States Marshal forms required to effectuate service on each of the defendants. On the same date, plaintiff also filed an amended complaint. (Doc. 5). Pursuant to the Sixth Circuit's decision in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013), plaintiff is **GRANTED** leave to file the amended

complaint (Doc. 5), which supplants the original complaint. Like the original complaint, the amended complaint is subject to *sua sponte* review by this Court to determine whether the amended complaint, or any portion thereof, should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As the undersigned previously concluded in the Order issued on January 28, 2016 opening the case (*see* Doc. 4, at PAGEID#: 43-44), at this stage of the proceedings, without the benefit of briefing by the parties, the amended complaint is deserving of further development and may proceed at this juncture with respect to the following claims alleged in the amended complaint: (1) claims against defendants Bauer, Dillow, Eaches and two "John Doe" defendants based on an incident allegedly involving the use of excessive force that occurred on May 12, 2015; and (2) the claim against defendant Ahmed for allegedly refusing to treat injuries that plaintiff received in the incident. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). However, any claim against defendant Clagg should be dismissed because the allegations in the amended complaint are insufficient to state a viable cause of action under § 1983.

Plaintiff generally states in the amended complaint that Clagg, the Healthcare Administrator at SOCF, was deliberately indifferent to his medical needs. (Doc. 5, at PAGEID#: 53). The conclusory assertion, standing alone, does not state a claim upon which relief may be granted. It is well-settled that the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard

2

articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Here, the only factual allegation in the amended complaint that pertains to Clagg is that "Clagg claims to have taken a U.O.F. statement, yet failed to record or write a statement that [plaintiff] could sign." (Doc 5, at PAGEID#: 52). The allegation does not pertain to the alleged denial of medical care and thus fails to provide any factual support for the claim that plaintiff seeks to bring against Clagg. As the Supreme Court has made clear, although courts must accept all well-pleaded factual allegations as true, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Therefore, to the extent that plaintiff seeks to bring a claim against defendant Clagg for the denial of medical care, the factual allegations contained in the amended complaint are insufficient to give rise to such a claim.

Furthermore, to the extent that plaintiff has named Clagg as a defendant because of the supervisory position she holds over medical personnel in the prison, plaintiff has not stated a claim upon which relief may be granted. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325

(1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

As discussed above, plaintiff has failed to allege any direct involvement by Clagg in the alleged denial of medical treatment for injuries sustained by plaintiff in the May 12, 2015 incident. In the absence of any factual allegations indicating Clagg "actually participated personally in the alleged denial of medical care," she "cannot be held indirectly liable under the Eighth Amendment" in her supervisory capacity based on her alleged failure to obtain a signed use-of-force statement from plaintiff. *Cf. Jeter v. Ahmed,* No. C-1-13-244, 2013 WL 6157991, at *1-2 (S.D. Ohio Nov. 25, 2013) (Weber, J.; Bowman, M.J.) (granting motion to dismiss complaint against Clagg based on her "biased participation in the grievance process" in the absence of any allegations of her direct involvement in the alleged denial of medical treatment to the plaintiff); *see also Couch v. Ahmed,* No. 1:14cv751, 5589331, at *1, *4 (S.D. Ohio Nov. 3, 2014) (Black, J.; Litkovitz, M.J.) (involving screening dismissal of claims against Clagg and other correctional officials, which relied on their "supervisory positions or their failure to respond to plaintiff's complaints about his [medical] treatment").

Accordingly, in sum, the undersigned concludes that plaintiff may proceed with the following claims alleged in the amended complaint (Doc. 5), which has supplanted the original complaint (*see* Doc. 3): (1) claims against defendants Bauer, Dillow, Eaches and two "John Doe" defendants based on an incident allegedly involving the use of excessive force that occurred on May 12, 2015; and (2) the claim against defendant Ahmed for allegedly refusing to treat injuries that plaintiff sustained in the incident. *See* 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b). However, any claim against defendant Clagg should be dismissed because the allegations in the amended complaint are insufficient to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

The claim alleged against defendant Clagg in the amended complaint (Doc. 5) be **DISMISSED** for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff is **GRANTED** leave to file the amended complaint (Doc. 5), which supplants the original complaint. Plaintiff is allowed to proceed on the following claims alleged in the amended complaint: (1) claims against defendants Bauer, Dillow, Eaches and two "John Doe" defendants based on an incident allegedly involving the use of excessive force that occurred on May 12, 2015 at SOCF; and (2) the claim against defendant Ahmed for allegedly refusing to treat injuries sustained by plaintiff in the incident. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The United States Marshal shall serve a copy of the original complaint (Doc. 3), the amended complaint (Doc. 5), summons, the Orders issued on January 28, 2016 in this case (Docs. 2, 4), and this Order and Report and Recommendation upon the following defendants

who remain in the case, as directed by plaintiff: William Bauer, Jeremy Eaches, Fiasal Ahmed and Michael Dillow.[1] All costs of service shall be advanced by the United States.

Date: 2/16/16

Karen L. Litkovitz
United States Magistrate Judge

---

[1] As discussed in the prior Order opening the case (*see* Doc. 4, at PAGEID#: 44), before service may be issued upon the two "John Doe" defendants, plaintiff must file a motion to issue service setting forth the identity of those defendants, as well as provide the Court with updated United States Marshal and summons forms for service on each of those defendants, once their identity is discovered.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLIE L. CARLISLE, III,
    Plaintiff,

vs.

WILLIAM BAUER, et al.,
    Defendants.

Case No. 1:16-cv-259

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc