# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLIE L. CARLISLE, III,
    Plaintiff,

vs.

WILLIAM BAUER, et al.,
    Defendants.

Case No. 1:16-cv-259
Barrett, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on defendants Faisal Ahmed, William Bauer, Michael Dillow, and Jeremy Eaches' Motion to Strike Plaintiff's Amended Complaint. (Doc. 17).

Plaintiff filed his original complaint on January 28, 2016, against movants and two unknown defendants. (Doc. 3). Plaintiff then filed an amended complaint 13 days later on February 10, 2016. (Doc. 5). Defendants answered the amended complaint on April 22, 2016 (Doc. 14) after receiving an extension of time (Doc. 13). On May 16, 2016, plaintiff filed a second amended complaint with the Court. (Doc. 16). Plaintiff stated that he "could not argue his claim or cite legal terms and caselaw in the initial complaint and is hereby doing the best he can to address this Court with this Matter without Counsel and/or legal representation." (*Id.* at 9). Defendants filed their Motion to Strike the Amended Complaint on May 26, 2016. (Doc. 17).

The Court finds that plaintiff has failed to properly amend his complaint pursuant to Fed. R. Civ. P. 15(a)(1). A party may amend his complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these circumstances are inapplicable, a party "may amend its pleading only with the opposing party's consent or the

court's leave." Fed. R. Civ. P. 15(a)(1)(2). "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court." *Green v. City of Southfield*, No. 15-13479, 2016 WL 692529, at *3 (E.D. Mich. Feb. 22, 2016) (citing *United States v. D'Agostino*, 802 F.3d 188, 192 (1st Cir. 2015)).

In this case, plaintiff filed the original complaint on January 28, 2016. (Doc. 3). Plaintiff then exhausted his one-time right to amend as a matter of course by filing his amended complaint on February 10, 2016. (Doc. 5). After this filing, plaintiff could not make any further amendments to his complaint without the opposing party's consent or leave of this Court. Fed. R. Civ. P. 15(a); *Green*, 2016 WL 692529 at *4. *See also* 6 Charles Alan Wright, *Federal Practice and Procedure*, § 1483 (3d ed. 2010) (Rule 15 permits "only one amendment as a matter of course."). Thus, the Court will strike the amended complaint as being filed in violation of Fed. R. Civ. P. 15(a). *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) (holding that district court did not abuse its discretion when it struck an amended complaint that was filed in violation of Fed. R. Civ. P. 15(a)). *See also Johnson v. Trane U.S. Inc.*, No. 2:09-02691, 2010 WL 2245008, at *1 (W.D. Tenn. May 26, 2010) (striking second amended complaint that the plaintiff filed without leave of court for failure to comply with Fed. R. Civ. P. 15(a)).

For these reasons, the Clerk is directed to **STRIKE** plaintiff's amended complaint (Doc. 16) from the docket.

**IT IS SO ORDERED**.

Date: 7/25/16

Karen L. Litkovitz
United States Magistrate Judge

2