UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLIE L. CARLISLE, III,
   Plaintiff,

vs.

WILLIAM BAUER,
   Defendant.

Case No. 1:16-cv-259
Barrett, J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

Plaintiff Charles L. Carlisle III, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this pro se civil rights action under 42 U.S.C. § 1983 against defendants William Bauer, Michael Dillow, Jeremy Eaches, Dr. Faisal Ahmed, and two "John Doe" defendants. Plaintiff alleges that defendants Bauer, Dillow and Eaches used excessive force against him on May 12, 2015, and defendant Ahmed refused to provide medical treatment for his injuries. (Doc. 5). This matter is before the Court on plaintiff's motion for summary judgment (Doc. 19) and defendants' opposing memorandum (Doc. 24), and on plaintiff's "Request to Inspect and Copy." (Doc. 25).

# I. Motion for summary judgment (Doc. 19)

### A. The parties' positions

Plaintiff alleges in his motion for summary judgment that he is a "Mental Health, C-1" inmate who was subjected to the use of force when he was "cuffed from behind and shackled." (Doc. 19 at 3). Plaintiff contends he sustained lacerations on his left ear, his forehead, and above his right eye brow as a result of defendants' use of force. (*Id.*). According to plaintiff, defendants concede they used excessive force by asserting plaintiff "refused to obey an order" without indicating the order given or the policy/procedure that supports the use of force on a

"cuffed from behind and shackled" inmate. (*Id*. at 5). Plaintiff alleges their actions must therefore necessarily be construed as malicious, cruel and sadistic acts that violated his Eighth Amendment rights. (*Id*.).

Defendants allege in response that plaintiff has not met his burden on summary judgment under Fed. R. Civ. P. 56. (Doc. 24). Defendants note that plaintiff's factual assertions in the motion are not sworn or made under penalty of perjury, and neither are they supported by admissible evidence as required to support a summary judgment motion. Defendants allege that the Court may not consider plaintiff's unsworn statements when ruling on his summary judgment motion. (*Id*. at 3). Defendants further argue that to the extent plaintiff sues the individual defendants in their official capacity, his claims are barred under the Eleventh Amendment, and to the extent he sues defendants in their individual capacity, they are entitled to qualified immunity. (*Id*. at 4-6).

**B. Standard of review**

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). When the movant is the party with the burden of proof on a claim, the movant must show there is no genuine issue on all essential elements of his claim. *In re Miller*, No. 10-60119, 2010 WL 3463296, at *2 (Bankr. N.D. Ohio Sept. 2, 2010) (citing *Prestige Capital Corp. v. Michigan Gage and Mfg., LLC*, 722 F. Supp.2d 837 (E.D. Mich. 2010) (when the movant bears the ultimate burden of persuasion, the "movant's affidavits and other evidence not only must show the absence of a material fact issue, they also must satisfy that burden"); *Brixey v. Confer (In re Confer)*, 277 B.R. 374 (Bankr. S.D. Ohio

2

2002)). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers).

**C. The Eighth Amendment**

A convicted prisoner's right to be free from the use of excessive force by a prison official is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). An Eighth Amendment claim has both an objective and subjective component. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The "core judicial inquiry" whenever a prison official stands accused of using excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Excessive force claims must focus "on the nature of the force rather than the extent of the injury. . . ." *Id.* at 34. In making this inquiry, the Court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the official; and the extent of the injury inflicted. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 319-321.

3

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

### D. Plaintiff is not entitled to summary judgment.

Here, plaintiff has not carried his burden on summary judgment as both the movant and the party who bears the burden of proof on his claims. Plaintiff has not introduced affidavits or any other evidence in support of his summary judgment motion. Nor has plaintiff pointed to any evidence in the record to show there are no genuine issues of material fact or to establish the essential elements of his Eighth Amendment claims. Plaintiff's motion does not address his claim for a denial of medical care, and there are many unresolved factual issues as to the circumstances surrounding defendants' use of force and the extent of the injury inflicted. Thus, plaintiff is not entitled to summary judgment as a matter of law on his Eighth Amendment claims.

## II. Plaintiff's "Request to Inspect and Copy" (Doc. 25)

Plaintiff has filed a request that defendants allow him to inspect and copy video footage recorded on the date of the use of force incident and that they produce other discovery materials. (Doc. 25). Plaintiff is advised that he must serve his discovery requests on defendants rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . .").

### IT IS THEREFORE ORDERED THAT:

Plaintiff's "Request to Inspect and Copy" (Doc. 25) is **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for summary judgment (Doc. 19) be **DENIED**.

Date: 12/14/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLIE L. CARLISLE, III,
    Plaintiff,

Case No. 1:16-cv-259
Barrett, J.
Litkovitz, M.J.

vs.

WILLIAM BAUER,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).