IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLIE L. CARLISLE III, | : | |
| | : | Case No. 1:16-cv-259 |
| Plaintiff, | : | |
| | : | Judge Barrett |
| v. | : | |
| | : | Magistrate Judge Litkovitz |
| WILLIAM BAUER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **OPINION & ORDER**

Plaintiff Charlie L. Carlisle, III, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this pro se civil rights action under 42 U.S.C. § 1983 against Defendants William Bauer, Michael Dillow, Jeremy Eaches, Dr. Fiasol Ahmed, and two "John Doe" defendants. This matter is before the Court on Plaintiff's objections (Doc. 27) to the Magistrate Judge's December 14, 2016 report (Doc. 26) recommending that Plaintiff's motion for summary judgment (Doc. 19) be denied. Defendants did not file a response to Plaintiff's objections.

### I.     **BACKGROUND**

The factual and procedural history of this case is described in the Magistrate Judge's R&R, and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. A prisoner at SOCF, Plaintiff contends that he sustained injuries as described in the Magistrate Judge's R&R, and that Dr. Ahmed allegedly refused to provide medical treatment. (Doc. 26 at 1). In opposing Plaintiff's motion for summary judgment, Defendants argued that the Court may not consider Plaintiff's "unsworn statements when ruling on his summary judgment motion." (Doc. 24 at 3) The Magistrate Judge agreed, and ultimately recommended that Plaintiff's motion for summary judgment be denied because he failed to "introduce[]

1

affidavits or other evidence" in support of his motion. (Doc. 26 at 4).

The Magistrate Judge also denied Plaintiff's "Request to Inspect and Copy," in which he sought a court order directing Defendants to allow him to inspect and copy video footage and produce other discovery material. (Doc. 26 at 5). The Magistrate Judge denied the request, advising Plaintiff that he "must serve his discovery requests on defendants rather than file them with the Court." (*Id.*) (citing Fed R. Civ. P. 34(a)).

Plaintiff timely filed the following objections, all of which refer to evidence that was not submitted to the Court as part of his summary judgment briefing:

(1) "After being extracted out of the J2 strip cage at 11:45 AM video is cut while being escorted into crossing over to the slammer/strong cell."

(2) "Video does not show the white shirt and blue pants that Plaintiff was wearing during the extraction to crossover to the J2 strong cell #13."

(3) "Video is missing 4 minutes and 14 seconds of unaccounted time."

(4) "It takes approximated [sic] 46 seconds to and from the strip cage entering in/or out of J2-13."

(5) "At 11:50 video show [sic] defendant Bauer, Lt. Jason Joseph Recording, Michael Crabtree, Vance Laswell, and R.N. Wiget standing by."

(6) "Between the missing footage time of 4 minutes and 14 seconds, does not show Plaintiff entering into the J2-13 slammer cell."

(7) "Video does not show by handheld recording device that Plaintiff attempted to bite defendant Eaches hand."

(8) "Subject that admitting striking Plaintiff closed fist first while in restraints is a violation of plaintiff's 8th and 14th U.S. Constitutional Right [sic]."

(9) "Subject that admitting striking Plaintiff twice closed fist . . . also cannot be justified due to showing teeth, and must be construed as malicious sadistic [sic] to cause unwanton infliction of pain in direct violation of Plaintiff's 8th and 14th United States Constitutional Right [sic]."

(10) "Planned USE OF FORCE: Defendant Lt. Bauer as the first shift supervisor is solely responsible for the prison guards [sic] action: Even though it is clear that one member of the fiveman [sic] extraction team that was used to extract Plaintiff did knowly [sic] use excessive force against the above Plaintiff. Please be advised that the Plaintiff was already subdued in wrist restraint, and leg iron restraints during the initial extraction. The prison guard subject was in a situation where he could of [sic] have used minimal physical force by administrated use of OC chemical agents. This is a violation of Plaintiff's 8th and 14th U.S. Constitutional Right [sic]."

## II. ANALYSIS

### a. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

    b.  **Plaintiff's Objections Fail to Establish Entitlement to Summary Judgment**

Under Fed. R. Civ. P. 72, a party "may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge. Here, Plaintiff's objections do not challenge the magistrate judge's recital of the relevant law or assessment of Plaintiff's failure to introduce evidence in support of his summary judgment motion; rather, Plaintiff's objections appear to urge this Court to interpret video footage and other evidence as weighing in his favor on his excessive force claim. However, none of the evidence referenced in Plaintiff's objections was submitted to the Court in support of his summary judgment motion. Indeed, no evidence was submitted at all. Furthermore, the magistrate judge correctly observed that Plaintiff's motion failed to even address his claim for denial of medical care. (Doc. 26 at 4) Accordingly, the magistrate judge properly concluded (*id.*) that Plaintiff is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C)(1)(A)-(B) ("A party asserting that a fact cannot be or is genuinely disputed *must* support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.") (emphasis added).

### III.  CONCLUSION

The Court **ADOPTS** the R&R (Doc. 26) of the Magistrate Judge. Accordingly, it is **ORDERED** that Plaintiff's objections (Doc. 27) are **OVERRULED**. **IT IS SO ORDERED**.

    /s/ Michael R. Barret
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT

4